FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 2 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michael Thomas Gatena
      - Petitioner

v.

Warden - FCI Atlanta
      - Respondent

Case No. 1:25-CV-2668

## MEMORANDUM IN SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

Comes NOW, Michael Thomas Gatena, "Petitioner", pro se, and hereby requests this Honorable Court grant his Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241. Petitioner hereby invokes the Supreme Court's rule that pleadings prepared by pro se petitioners must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972).

This petition stems from disciplinary proceedings in August, 2024. Petitioner was charged with violations of the Bureau of Prisons policies and an incident report was created on July 31, 2024. The matter was referred to a Disciplinary Hearing Officer for further proceedings. The DHO concluded that the Petitioner was guilty of the infraction, and imposed a sanction of Loss of 27 days of Good Conduct Time. No written report of the DHO reasons for imposing the sanctions was ever served.

### LEGAL STANDARD

"To states a cognizable claim for the denial of due process in connection with prison discipline, a prisoner must show a protected liberty interest in which he was deprived without minimum procedural

- 1 -

protections." Dean-Mitchell v. Reese, 837 F.3d 1107, 1112 (11th Cir. 2016) (citing Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). A federal inmate has a liberty interest in earned GCT credits and, accordingly, must receive due process before those credits are revoked as a result of prison discipline, see Wolff at 557.

The Eleventh Circuit has explained:

> "In Wolff, the Supreme Court Held that minimum due process in the context of a prison disciplinary hearing includes the following: (1) advance written notice of the charges against the inmate (the incident report); (2) an oppurtunity for the inmate to call witnesses and present documentary evidence; and (3) a written statement by the fact-finder outlining the evidence relied on and the reasons for the disciplinary action." (the DHO report) O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff at 563-67)(emphasis added)

### Arguement

Following the guidelines as laid out by the Supreme Court in Wolff, Petitioner was denied the third due process, that is a written statement by the fact-finder, in this case the DHO report. Petitioner made multiple attempts to get a copy of the DHO report. Petitioner submitted a written request to his counselor for a copy of the DHO report in September & October, 2024. No response was received. Petitioner was transferred to FCI Atlanta, at which time he made additional requests for a copy of the DHO report, see Attachment A. Petitioner has made many attempts, both verbally and in writing to acquire a copy of his DHO paperwork.

Petitioner attempted to appeal the sanctions but the appeals process was rejected for failing to include a copy of the DHO report. Petitioner attempted to appeal the sanctions imposed within the 20 calendar day timeframe required by 28 C.F.R. §542.14, but his attempt at administrative remedy was interfered with by the

- 2 -

Bureau of Prisons rejection for failure to include a copy of the DHO Report - which the BOP also refused to provide a copy of. (See Attachment B).

It is apparently the BOP's position that due process is servved as long as they eventually serve the DHO report at some time. This is apparently an open window which can be fulfilled at any time of their choosing. Their policy states that the DHO report is served "ordinarily within 15 work days of the decision."

Petitioner has patiently waited, at this point more than 7 months for his DHO report. He has been prejudiced by the loss of appeal for the sanctions imposed. BOP policy & 28 C.F.R. §542.14 mandate that the initial filing must be made within 20 calendar days of the cause of the grievance, yet their failure to follow their own timeline in providing the DHO report has caused Petitioner to lose his appeal oppurtunities to correct the errors created by the denial of due process in his disciplinary proceedings. Petitioner has been prejudiced by the loss of 27 GCT days without the minimum due process required by Wolff.

In Morales v. Jones, 2018 U.S. Dist. LEXIS 131768 (S.D. Ga. August 6, 2018), the District Court dealth with this exact issue. Claudio Moralses was the subject of a disciplinary proceeding where he was ultimately found guilty and was sanctioned with a loss of 27 days of GCT. As here, Morales was not given a copy of the DHO paperwork. Morales argues that the BOP violated his due process rights by failing to provide a written copy of the DHO report. The District Court granted his petition and ordered the BOP to restore his GCT and to expunge the incident report, detialing the BOP's response that under their theory as long as the report is eventually

served there is no harm, based on the language that the report is "ordinarily served within 15 days" does not create a mandatory timeline that must be followed. The Court noted that "under the BOP's theory, they can withhold the DHO's written statement of findings of fact for an indefinate period of time, and as long as the inmate receives the statement someday, even after litigation commences, no due process violation occurts. The Eleventh Circuit authority contradicts this line of resoning."

In Dean-Mitchell v. Reese, the Eleventh Circuit explained that a "federal inmate has a liberty interest in earned tme credits and must receive due process before those credits are revoked as a result of prison discipline" citing Wolff.

Wherefore, Petitioner humbly prays that this Honorable Court will find that:

- Petitioner's administrative remedies were interfered with and this precludes dismissal for failure to exhaust

- Petitioner was denied due process in the withholding of the DHO report

- Petitioner has a liberty interest in the Earned Time Credits revoked

- The BOP must expunge the incident report and restore the Earned Time Credits

or

- any other relief that the Court feels is appropriate.

Respectfully submitted on this  4/th  day of May, 2025.

X _Michael Gat_

Michael Thomas Gatena
Reg. No. 09546-029
FCI Atlanta
P.O. Box 150160
Atlanta, GA 30315

| BP-A0288 | **INCIDENT REPORT** | | |
|---|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | | |

**Part I - Incident Report**

| 1. Institution: **THOMSON FCI** | | Incident Report Number: 3973512 | |
|---|---|---|---|
| 2. Inmate's Name **GATENA, MICHAEL** | 3. Register Number **09546-029** | 4. Date of Incident **07-31-2024** | 5. Time **1020 hrs** |
| 6. Place of Incident. **Camp Unit Team Area** | 7. Assignment **C-LAND** | 8. Unit **8 SCP** | |
| 9. Incident **203 – THREATENING BODILY HARM. 312 – BEING INSOLENT TO STAFF MEMBER. 307 -- REFUSING TO OBEY AN ORDER.** | | 10. Prohibited Act Code(s) **203 307 312** | |

11. Description Of Incident
(Date: **07-31-2024**    Time: **1020 hrs**    staff became aware of incident)

On 07/31/2024 at approximately 1020 AM in the unit team area of the camp inmate GATENA, MICHAEL, Reg. No. 09546-029 was called into the office to conduct his UDC hearing for incident report 3972861. I Counselor Schmidt, handed inmate Gatena his incident report and asked him if he wanted to make any statements. Inmate Gatena made his statement about the incident report. I explained to inmate Gatena that he would be receiving 45 days loss of phone. Inmate Gatena looked at me and said "No" and shook his head. I then told inmate Gatena to leave the office and inmate Gatena refused and stepping towards the desk in an aggressive posture with a closed fist. He said "I got you fucker". I stood up and told inmate Gatena to "get out of my office" Inmate Gatena refused to move and said "No". I then escorted Gatena out of my office. Gatena was screaming and shouting "Fuck you and this is so fucked up" the whole way out of the unit team area. Sodergren then finished escorting inmate Gatena out of the unit team area. Lt. Dukett was called and Gatena was taken to the FCI to the Lieutenants Office. Inmate Gatena, M. Reg. No. 09546-029, was identified by his inmate ID and Bed Book.

| 12. Typed Name/Signature of Reporting Employee **Brian Schmidt** | 13. Date And Time **07-31-2024 1025 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) C.D. Williams IV | 15. Date Report Delivered 7-31-2024 | 16. Time Report Delivered 5:15 p.M |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by 5270

Replaces BP-S288.052

ATTACHMENT A

BP-S148.055 INMATE REQUEST TO STAFF  CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| D.H.O. Mr Bruce | 2-20-2025 |
| FROM: Michael Gateno | REGISTER NO.: 09546-029 |
| WORK ASSIGNMENT: N/A | UNIT: B USP Atlanta A2- Cell 314 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Mr. Bruce; I have been waiting for my D.H.O. Report
since 8-6-2024. I requested it 2 times by peoswhile I was
in the SHU there at Thomson, And never recieved
it. I can not appeal the decision until I have
the Report to send with my appeal. Could you
please send me the report. My Case Managers name is
Mrs Thomos. If you need to send it to her. The Incident
Report Number is 3973512. The Date was 07-31-2024.
The address here is PO Box 150160, Atlanta, Georgia 30315
                    Thank you for your time
                              Michael Aot

(Do not write below this line)

DISPOSITION:

I'm Pretty Sure the other two cap-outs
asking for the D HO Paperwork were
in September and October

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

ATTACHMENT A

# ATTACHMENT B

I am using a flex pen because I am in the SHU. And it is not going through the form. So I will write it out on paper. I am appealing the Incident Report Number 3973512. Because the accusations that were said against me are not true. I ask that you look at the DHO file. And read how I said the events of July 31st went. And then look at the Incident Report and what they say happened. Then answer these questions. According to my story. When I told Mr Schmidt that I wanted to appeal his dicision. He got mad and said "now it will be 90 days". And "Get the Fuc_ out of my Office". But in his Incident Report. He says he gave me a 45 day restriction. But if you check the records. He gave me 90 days Restriction like I said.

Also there was another officer sitting right there a foot away from me, So if I threatened Mr Schmidt in any way. Why wouldt they have not coffed me right there and then? And why didn't that officer give a statement? I was there to appeal a shot that I already knew that Mr Schmidt was going to say I was guilty of, because it was written by his boss the camp administr and Mr Schmidt is not going to override his Boss. So why would I threaten anyone. Also if I did what they say I did. Why was I the one who asked the unit officer to call the Lieutentant to come to the Camp, because of the way I was treated.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

ATTACHMENT B

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Gatena  Michael  T__    __09546-029__    __M2__    __Thomson Camp__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing the Incident Report # 3973512


Please See Attachment A


__8/16/2024__
　　DATE

*Michael T Gatena*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED


_____    _____
　　DATE　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　CASE NUMBER: __1209748-R1__

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____    _____    _____    _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　INSTITUTION

SUBJECT: _____

_____
　　DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR

BP-230(13)
JUNE 2002

PRINTED ON RECYCLED PAPER

# ATTACHMENT B

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 20, 2024

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MICHAEL THOMAS GATENA, 09546-029
      THOMSON FCI    UNT: 8 SCP    QTR: Z01-046LAD
      P.O. BOX 1001
      THOMSON,  IL 61285

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID         : 1209748-R1       REGIONAL APPEAL
DATE RECEIVED     : AUGUST 19, 2024
SUBJECT 1         : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2         :
INCIDENT RPT NO: 3973512

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE  DHO REPORT YOU
                 WISH TO APPEAL OR   IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MUST WAIT FOR THE DHO'S DECISION OF THE DHO HEARING
                 BEFORE YOU MAY APPEAL TO THE REGIONAL OFFICE.  RESUBMIT YOUR
                 APPEAL TO THIS OFFICE WITHIN 20 DAYS OF THE DATE YOU RECEIVE
                 THE DHO'S DECISION.

REJECT REASON 3: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.  TEXT ON ONE SIDE.   THE
                 TEXT MUST BE LEGIBLE.

REMARKS         : DHO HEARING 8-6-24 YOU HAVE NOT RECEIVES DHO PEPORT
                  YOU MAY APPEAL WITHIN 20DAYS AFTER RECEIVE REPORT
                  ONLY ONE 8.5X11 CONT PAGE ALLOWED TEXT FRONT ONLY

# RECEIVED

AUG 2 9 2024

Administrative Remedy Clerk