IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 29 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MICHAEL THOMAS GATENA,

PETITIONER,

v.

WARDEN, FCI ATLANTA,

RESPONDENT.

Civil Action No.

1:25-cv-2668-TRJ-AWH

## REPLY TO GOVERNMENT'S RESPONSE TO SHOW CAUSE ORDER

Comes NOW, Michael Thomas Gatena, "Petitioner", pro se, and hereby files this reply to the Government's response to the Show Cause Order for Petitioner's Motion for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

In their response, the Government states that the Court should deny the Motion because: (1) Petitioner failed to exhaust administrative remedies; (2) Petitioner has no liberty interest in GCT credits; and (3) there are no due process implications. Petitioner will address each of these in turn.

I. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act mandates that prior to filing a lawsuit, a prisoner must exhaust all <u>available</u> administrative remedies. The Supreme Court has recognized three circumstances in which an administrative remedy is not available: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide relief"; (2) when the administrative scheme is "so opaque that is becomes ... incapable of use"; and (3) when prison administrators "thwart inmates from taking advantage of the grievance process through machination,

- 1 -

misrepresentation, or intimidation." <u>Ross v. Blake</u>, 578 U.S. 632, (2016).

Petitioner asserts that he attempted to follow the administrative remedy process, however, the Bureau of Prisons ("BOP") rejected his grievance (Gov. Resp. at 6 D.E.#5).  This rejection satisfies all three of the <u>Ross</u> criteria.  First, for a total of 9 months the BOP was unwilling to consider the Petitioner's grievance. Second, by choosing to hide bedind vague rules such as "you must wait until you receive a copy of the DHO report", the BOP has chosen to mask the layers of the administrative remedy process. Third, due to their attempts to delay or deny the Petitioner his Constitutional right to file a grievance about any aspect of his incarceration, and extra red tape piled on top of any already tedious and time exhaustive task of complete many layers of administrative remedies, the BOP has "thwarted ⌊the Petitioner] from taking advantage of a grievance process through machination, misrepresentation, [and] intimidation." <u>Ross, id</u>.

Further, the BOP (and the Government) allege, in a self-serving petition, that the Petitioner was served a copy of his DHO paperwork on May 1, 2025.  Id.  This is false.  For the reasons below this misrepresentation further satisfies the <u>Ross</u> exemptions to the exhaustion requirement.

II. Liberty Interest in  GCT Credits

Next, the Government attempts to claim that the Petitioner does not have a liberty interest in GCT by claiming that he was not deprived of GCT, but instead was "merely disallowed the ability to earn 27 days of GCT in the future" (Gov. Resp. at 12).  This arguement also fails.

The Supreme Court has held that a liberty interest is created when: (1) [the Government] establishes substantive predicates to govern official decision making; and (2) if the substantive predicate are present, a particular outcome must be followed" Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 462-63 (1989).

U.S.C. 18 U.S.C. §3624(b) provides that an inmate: (1) serving a sentence greater than 1-year; (2) will receive 54-days of credit for good behavior.  This statute creates the substantive predicate (54-days of GCT for good behavior), therefore, and inmates must assume he will receive the outcome (receiptof GCT), the liberty interest.

Furthermore, it is clearly established that "prisoners have a protected liberty interest in GCT." Superintendent, Mass. Corr. Inst. Walpose v. Hill, 472 U.S. 445, 454 (1985).

III. Due Process Implications

The Government correctly cites Wolff v. McDonnell for the due process in a prison disciplinary proceeding (Gov. resp. at 13). Petitioner asserts that he was deprived the third process - the DHO report.

The Government alleges that the DHO report was magically delivered on May 1, 2025, 9-months after the disciplinary hearing and a few days before the filing of this suit by "Moore".  This entirely self-serving fiction fabricated by the BOP is an attempt to cover their tracks and falsify records to deprive the Petitioner of the remedy that he is due - restoration of the 27-days of GCT taken without due process.

Upon receipt of the Government's Response alleging that the DHO report was served by "Moore" on May 1, 2025, Petitioner inquired

- 3 -

if there was an Officer Moore at FCI Atlanta. He found out that Officer Moore works in D-Unit. Petitioner lives in A-Unit and had never met Officer Moore. Officer Moore would not have been involved in the Petitioner's DHO process as Petitioner's unit team in A-Unit handled the entire process and would have served the report.

With a witness on hand, Petitioner approached Officer Moore during chow and asked: (1) if they had ever met, which Officer Moore denied; and (2) if Officer Moore had served him the DHO report on May 1, 2025, which Officer Moore also denied.

In support of these events, Petitioner and his witness have attached a sworn statement attesting to these events.

It is telling that the Government failed to include an affidavit from the individual who supposedly served the report, Officer Moore.

Petitioner suggests that if the court believes the Petitioner's assertion that the BOP is just covering their tracks, then the Court should rule in his favor. However, if the Court credits the Governments assertion that the DHO report was properly served, then a genuine issue of material debate exists, and an evidentiary hearing is required because the case cannot be decided on conflicting affidavits alone. Petitioner requests he be afforded discovery to file interrogatories to include these events described by Officer Moore on the record.

Wherefore, the Petitioner humbly prays that this Honorable Court will:

- Find that the Petitioner fully satisfied his requirement to exhaust administrative remedies and failure to exhaust is excused per Ross;

- Find that a liberty interest is implicated in the loss of GCT credits

- 4 -

- Find that Petitioner was denied due process in the revokation of his GCT credits

and

- Order the BOP to restore the 27-days of GCT and to expunge the incident report from the Petitioner's record.

Respectfully submitted on this 25th day of September, 2025.

X _Michael Thomas Gatena_
Michael Thomas Gatena


CERTIFICATE OF SERVICE

I affirm, under penalty of perjury, that a true and correct copy of this filing was timely presented to Prison Officials, and considered filed per the Prison's Legal Mailbox Rule, First-Class Postage prepaid, and addressed to:

United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive S.W.
Suite 600
Atlanta, GA 30303

Office of the Clerk
United States District Courthouse
75 Spring Street, S.W.
Room 2211
Atlanta, GA 30303

Respectfully submitted on this 25th day of September, 2025.

X _Michael Thomas Gatena_
Michael Thomas Gatena

ATTACHMENT A

## DECLARATION OF MICHAEL THOMAS GATENA

1. My name is Michael Thomas Gatena and I am the Petitioner in this case.

2. I received the Government's Response to my Petitioner on or about September 9, 2025.

3. In the Government's Response, it alleges that I was served with a copy of the DHO report for the incident that originated this cause on May 1, 2025.

4. I assert that this is false.

5. After reviewing this Reponse I sought out who Officer Moore was, the Officer who is listed as having served the report.

6. On September 12, 2025, with Edward Walters present, I approached Officer Moore and asked him the following questions.

7. Mr. Gatena: "Do you know who I am?"

8. Officer Moore: "I do not."

9. Mr. Gatena: "Do you remember serving a DHO report to me on May 1, 2025?"

10. Officer Moore: "I do not."

11. Under penalty of perjury, I swear that the Government's allegation that I received a copy of the DHO Report on May 1, 2025 is false.

x_Michael Thomas Act_____          09-25ᵗ 2025
Michael Thomas Gatena                  Date

ATTACHMENT B

DECLARATION OF EDWARD WALTERS

1.  I, Edward Walters, inmate number 88819-510, was present on September 12, 2025, during an interaction between Mr. Gatena and Officer Moore.

2.  During this brief conversation, Mr. Gatena asked Mr. Moore if he knew who Mr. Gatena was.

3.  Officer Moore reponded that "He did not".

4.  Mr. Gatena also asked Officer Moore if he "Remembered serving Mr. Gatena with a DHO packet on May 1, 2025".

5.  Officer Moore replied that "he did not".

6.  Under penalty of perjury, I affirm that the foregoing was true and correct to the best of my knowledge.

X _Edward Walters_

Edward Walters

_9/24/2025_

Date

Michael Gatena
09546-029
P.O.Box 150160
Atlanta , GA
        30315



ATLANTA GA RPDC

26 SEP 2025   AM 6

CLEARED DATE

SEP 29 2025

U.S. Marshals Service
Atlanta, GA 30303

Office of the Clerk
United States District Courthouse
75 Spring Street SW
Room 2211
Atlanta , GA
        30303

30303-331861