IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL THOMAS GATENA,
    PETITIONER,

    v.

WARDEN, FCI ATLANTA,
    RESPONDENT.

Civil Action No.

1:25-cv-02668-TRJ-AWH

## RESPONDENT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S HABEAS PETITION

Respondent filed a response to show cause and in opposition to Petitioner's Petition for Habeas Corpus Relief in which Respondent sought dismissal of Petitioner's Complaint. Doc. 5. In its motion to dismiss, Respondent argued that Petitioner failed to exhaust administrative remedies before filing suit in violation of the Prison Litigation Reform Act (PLRA). *Id*. at 6. Respondent also argued that even if Petitioner had exhausted his claims, Petitioner's Complaint should still be dismissed because Petitioner had no liberty interest in prospective, unearned, good time credit (GTC). *Id.* at 11. Finally, Respondent argued that even if Petitioner had exhausted, and Petitioner had a liberty interest in prospective GTC, Petitioner received all the process he was due, and his Complaint should be dismissed on this additional ground. *Id.*

1

Petitioner has now responded to Respondent's motion to dismiss and challenges all three grounds for dismissal. Doc. 6. However, none of Petitioner's responses withstands scrutiny. Accordingly, the Court should dismiss Petitioner's Complaint.

**1.  Petitioner Failed to Exhaust Under the PLRA**.

In response, Petitioner does not dispute his obligation to administratively exhaust his claims under the PLRA. Nor does he dispute that he failed to do so. Doc. 6 at 1-2. However, citing *Ross v. Blake*, he argues that the administrative process was not available to him because it operated as a "simple dead end," it was "so opaque that [it became] … incapable of use," and prison officials thwarted his efforts to exhaust. *Id.* at 2 (citing *Ross v. Blake*, 578 U.S. 632 (2016)). Plaintiff's unavailability argument is unavailing.

While not entirely clear, Petitioner appears to argue that the exhaustion process was a "dead end" because the BOP was unwilling to consider his grievance for "a total of 9 months." *Id.* Petitioner also uses the delay in receiving the Disciplinary Hearing Officer's (DHO) report in order to appeal the loss of prospective GTC as evidence that he was "thwarted from taking advantage of the grievance process through machinations, misrepresentation, [and] intimidation." *Id.* These arguments are without merit.

2

In its motion to dismiss, Respondent acknowledged a delay in providing Petitioner with the DHO report. Doc. 5 at 9-10. In his declaration, DHO Bruce explained that his report was late because of understaffing, work volume, and "personal tragedies." *Id.* (citing Doc. 5-2 at 6, n.3). However, the report was completed, Petitioner was served with the report on May 1, 2025, and instead of exhausting administrative remedies after receiving the report, Petitioner filed this suit without doing so. Doc. 5 at 9. In other words, the delay in providing the DHO report is not the same as a "dead end." Indeed, the Eleventh Circuit has ruled that failure to provide a timely response does not render the grievance appeal process unavailable. *Garcia v. Obasi*, 2022 U.S. App. LEXIS 5937, *10 (11th Cir, March 7, 2022) (per curiam) (citing *Higginbottom v. Carter*, 222 F.3d 1259, 1261 (11th Cir. 2000) (the PLRA requires prisoners to properly complete each step of an available grievance process, even if the process is ultimately futile)).

Nor was the delay in providing the DHO report evidence that Petitioner was thwarted from exhausting his claims. A prisoner is thwarted from exhaustion when, through "machination, misrepresentation, or intimidation," he is prevented from utilizing the grievance process. *Ross*, 578 U.S. at 644; *see also Abram v. Leu*, 759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of

3

relief."). Here, DHO Bruce explained that the delay was because of understaffing, work volume, and personal tragedies. Doc. 5-2 at 6, n.3. It was not to "thwart" Petitioner. Indeed, even though the DHO report was late, all Petitioner had to do was wait for the report and then file his appeal. Moreover, as discussed above, Petitioner received the DHO report before filing suit, and he still decided to forego exhaustion.

Petitioner also argued that the grievance process was "opaque" because he was told to "wait until you receive a copy of the DHO report" before appealing the disciplinary sanction. Doc. 6 at 2. However, the Supreme Court defined opaqueness as exhaustion rules that are "'unknowable' — so that no ordinary prisoner can make sense of what it demands …." *Ross*, 578 U.S. at 644. Here, Petitioner knew what he had to do—wait for the DHO report and then appeal the loss of prospective GTC for violating prison rules. Accordingly, Petitioner's opaqueness argument also fails.

Finally, Petitioner argues that he never received a copy of the DHO Report. As evidence, he submits a self-serving declaration in which he claims that he spoke to Officer Moore, that Officer Moore did not recall Petitioner, and that Officer Moore told Petitioner that he did not recall serving Petitioner with the DHO Report on May 1, 2025. Doc. 6 at 7. However, that Officer Moore did not

immediately recall one encounter he had with one prisoner months ago—when he interacts with prisoners daily—is no evidence that on May 1 he did not provide Petitioner with a copy of the DHO report. That said, Respondent acknowledges that Petitioner's declaration does create a dispute as to whether he received the DHO Report. *Williams v. Corr. Officer Radford*, 64 F.4th 1185, 1198 (11th Cir. 2023). But that does not create a dispute as to whether he exhausted. And Petitioner concedes that he did not.

Furthermore, Respondent submitted Petitioner's contemporaneously created grievance history that were created and stored in the normal course of business. Doc. 5-1 at 3 (describing SENTRY); *see* Doc. 5-1 at 16-27 (Petitioner's Administrative Remedies History). Petitioner filed many grievances complaining about, *inter alia*, toilet paper, commissary, and appealing the discipline he received that gave rise to this case. Doc. 5-1 at 16-27. But he never filed a grievance about the delay in receiving the DHO report, or otherwise informed the prison that he needed the DHO report to challenge the loss of future GTC he received for violating prison rules. *Id*. Had he done so, he would have had a more plausible unavailability argument.[1]

---

[1] Neither party has requested an evidentiary hearing. Accordingly, the Court can decide the issue of exhaustion on the documentary evidence provided.

Accordingly, the documentary evidence here shows that Petitioner had an opportunity to exhaust before filing suit, did not do so, and therefore failed to exhaust his claims before filing suit as required by the PLRA.

**2. Petitioner Has No Liberty Interest in Prospective GTC.**

Even if the Court were to find that Petitioner exhausted, or at least a dispute as to the availability of the grievance process to Plaintiff, the Complaint still fails because Petitioner does not have a liberty interest in prospective GTC.

In response, Petitioner argues that 18 U.S.C. § 3624(b) creates a liberty interest in GTC because it states that prisoners serving a sentence greater than one year "*will* receive 54-days of credit for good behavior." Doc. 6 at 3 (emphasis added). Petitioner misreads § 3624(b) which states, in part, that a prisoner "*may* receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." (emphasis added).

---

*McIllwain v. Burnside*, 830 Fed. Appx. 606, 611 (11th Cir. 2020) (per curiam) ("a district court may resolve disputed questions of fact on submitted papers only 'in the absence of a timely request for an evidentiary hearing.'" (quoting *Bryant v. Rich*, 530 F.3d 1368, 1377 n.16 (11th Cir. 2008)). However, Respondent stands ready for an evidentiary hearing should the Court, *sup sponte*, deems one necessary.

6

Accordingly, § 3624 does not create a right to 54 days of GTC. It merely provides the BOP with discretion to provide prisoner displaying "exemplary" behavior GTC. And where, as here, the "relevant statute 'places no substantive limitations on official discretion'" in granting GTC, no constitutionally protected liberty interest is implicated. *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

Moreover, the Eleventh Circuit held that there is no liberty interest in GTC. *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (concluding that no liberty interest arose from the possibility of discretionary grant of incentive good time); *see also Lamarsh v. Jenkins*, 2023 U.S. Dist. LEXIS 193294, *7 (Ga. N.D., Oct. 26, 2023) (no liberty interest implicated because "there is no entitlement to earning ETC (earned time credit); instead, the FSA (First Step Act) simply provides prisoners with the opportunity to do so."). And Petitioner has not cited any authority suggesting otherwise.

Accordingly, Petitioner has no liberty interest in GTC, and his complaint should be dismissed on this additional basis.

### 3. Petitioner Received All the Process He Was Owed.

Even if the Court found that the grievance process was not available to Plaintiff, and he had a liberty interest in GTC, his Complaint still fails because he

was afforded all the process owed.

With respect to the disciplinary hearing that led to loss of prospective GTC, Petitioner was provided with written notice of the charges against him on July 31, 2024, he was advised of his right to call witnesses and present evidence, and he was provided with a written explanation for the discipline he received. Doc. 5 at 13 (citing Doc. 5-2 at 2-7 (Bruce Decl.); *see also* 5-1 at 28-31 (Disciplinary Report). Petitioner does not dispute any of this. Instead, in his response, Petitioner shifts the focus and argues that he never received the DHO report from Officer Moore on May 1, 2025. Doc. 6 at 4.

Petitioner's response misses the point. His petition for habeas relief centered on his contention that "if a prison official is going to revoke good time credit then certain process must be followed." Doc. 1 at 6. And here, that process, as prescribed by *Wolf v. McDonnell*, 418 U.S. 539, 563-64 (1974), was followed. Whether Petitioner subsequently received a copy of the disciplinary report in a timely manner is immaterial to the claim that he was not afforded due process before losing prospective GTC.

## Conclusion

For the foregoing reasons, and those in its response to show cause (Doc. 5), Respondent respectfully submits that Petitioner's Petition for Writ of Habeas

8

Corpus Relief Pursuant to 28 U.S.C. § 2241 be dismissed.

Respectfully submitted,

THEODORE S. HERTZBERG
   *United States Attorney*


/s/Rodney H. Atreopersaud
   *Assistant United States Attorney*
Georgia Bar No. 309454
Rodney.Atreopersaud@usdoj.gov
*600 U.S. Courthouse*
*75 Ted Turner Drive, S.W.*
*Atlanta, GA 30303*
*(404) 581-6000   fax (404) 581-6181*

9

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been

prepared with one of the font and point selections approved by the Court in

Local Rule 5.1B for documents prepared by computer.


/s/Rodney H. Atreopersaud
*Assistant United States Attorney*

10

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and by mailing a copy with sufficient postage to:

Michael Thomas Gatena
ID No. 09546-029
FCI Atlanta
P.O. Box 150160
Atlanta, GA 30315

November 26, 2025

/s/ RODNEY H. ATREOPERSAUD
RODNEY H. ATREOPERSAUD
*Assistant United States Attorney*

11